Barry S. **POYNTER**, Jr., Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 57S03–0010–CR–595.

Supreme Court of Indiana.

June 21, 2001.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, for Appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

Following a bench trial at which the defendant was not represented by counsel, he was convicted of battery on a police officer[1] and resisting arrest.[2] He appealed his convictions claiming a violation of his right to assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Section 13 of the Indiana Constitution. The Court of Appeals reversed. *Poynter v. State*, 733 N.E.2d 500 (Ind.Ct.App.2000). We granted the State's petition for transfer which alleged that this decision is inconsistent

---

1. Ind.Code § 35–42–2–1(a)(1)(B).

2. Ind.Code § 35–44–3–3.

with other decisions of this Court and the Court of Appeals.

The defendant claims that when he was tried "without the benefit of counsel, the record must reflect that the right to counsel was knowingly, intelligently, and voluntarily waived and that [he] was fully advised regarding the dangers and disadvantages of self-representation." Br. of Defendant–Appellant at 5. The defendant states that he did not assert his right to self-representation nor does the record reflect that he explicitly waived his constitutional right to be represented by counsel. The defendant maintains that the court had a duty to advise him of the advantages of representation by counsel and the dangers of self-representation. The lack of advisement, the defendant argues, negates any finding of a voluntary, knowing, and intelligent waiver of his right to the assistance of counsel. Because he was tried without counsel and because he did not validly waive his right to counsel, the defendant asks for a new trial.

The State concedes that "[w]hen a criminal defendant waives his right to counsel and proceeds *pro se,* the record must reflect that the defendant's waiver was knowing, intelligent, and voluntary." Br. of the Appellee at 3. However, the State maintains that the defendant made such a waiver through his conduct of repeatedly telling the court that he would hire an attorney, that he had saved money to hire an attorney, but then appearing on the day of trial without an attorney. The State contends that the trial court had no duty to advise the defendant of the disadvantages of appearing without counsel, because defendants who tell the court they are hiring counsel do not need such warnings. Similarly, the State concludes that on the day of trial, any warning would have been superfluous because at that point it was too late to obtain counsel.

Finally, the State asserts that the trial court "admonished the defendant that he would have to be prepared to proceed *pro se* if not represented by ... his trial date." Br. of the Appellee at 6.

At the defendant's initial hearing on January 5, 1999, the defendant entered a plea of not guilty and his surety bond was posted. He was given and signed a standard advisement of rights form that included the "right to be represented by and to consult with a lawyer" and "the right to have the court appoint an attorney to represent you at no cost if found to be indigent." Record at 19. After informing the defendant of the charges against him and the possible penalties should he be found guilty, the judge asked the defendant if he had read and understood the rights on the form and whether he was going to be hiring an attorney to represent him. The defendant answered "Yes, Sir" to each of these questions. Record at 50. The court scheduled a pretrial conference for February 22, 1999, and advised the defendant "you're required to be back here at that time with your attorney." Record at 50–51. On that date, however, the conference was continued to April 19, 1999, by agreement of the parties "so that defendant can obtain an attorney." Record at 4, 20. At the April pretrial conference, the defendant appeared without an attorney. The hearing consisted of the following colloquy:

> The Court: This is in 9901–CM–007 and also 9709–CM–851. State of Indiana versus Barry S. Poynter. Mr. Poynter, what's your address?
>
> Mr. Poynter: I live with friends right now. I really ain't got a place of my own.
>
> The Court: Where's your—Do you have a place where you get mail?
>
> Mr. Poynter: It ah, .... It's apartments.
>
> The Court: In Kendallville or?

Mr. Poynter: In Kendallville, yeah (affirmative).

The Court: Is there an apartment number?

Mr. Poynter: I think it's just . . . .

The Court: That's where you're also staying with friends right now?

Mr. Poynter: Yes, Sir.

The Court: Are you going to be hiring an attorney to represent you in these cases?

Mr. Poynter: Well I was, but I've been working like seven (7) days a week, last week twelve (12) hours a day, and I've been really tired, and I ain't been getting up on time and walking down there and talk to them. I got some money saved up though for a lawyer, but I ain't got, went down there and talked to one.

The Court: Well, I will set these cases for bench trial and fact-finding hearing on June 21st at 10:45. If you decide that you want to get up to go down and hire an attorney—

Mr. Poynter: I got to sometime.

The Court: (continuing) You can do that. Otherwise you need to be here June 21st at 10:45, prepared for a trial in these cases. And a trial on the probation violation.

Mr. Poynter: Okay.

The Court: So with or without an attorney you need to be prepared for a trial on this date.

Mr. Poynter: I'll be here.

The Court: Okay.

Mr. Poynter: Thank you, Sir, for your time.

The Court: You're welcome.

Record at 52–53.

On the date set for his bench trial, June 21, 1999, the defendant appeared in person, and the trial proceeded on the two class A misdemeanor charges. Neither the trial judge nor the parties commented regarding the absence of an attorney for the defendant. The State waived opening statement and presented the testimony of two Kendallville police officers. The defendant asked only one question of one of the witnesses. The defendant's case consisted of his own seven sentence narrative testimony. He presented no other witnesses. Following the State's closing argument, the defendant responded with the following closing argument: "All I got to say is that what they say is not true. I'm just one person just like the rest of you." Record at 71. The trial court found the defendant guilty and, after a brief sentencing hearing,[3] imposed consecutive sentences of 180 days each upon the convictions for battery of a police officer and resisting arrest.

 The rights embodied in the Sixth Amendment[4] protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691 (1984). "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may

3. Simultaneously with the sentencing hearing, the trial court conducted an initial hearing upon a separate charge of criminal mischief as a class B misdemeanor. During the discussion of this separate charge, the court asked the defendant if he would be hiring an attorney. When the defendant answered "No, Sir," the court offered to appoint counsel, the defendant accepted, and the court stated that it would appoint a public defender. Record at 72–73.

4. The defendant asserts that his rights were violated under Article 1 Section 13 of the Indiana Constitution, but offers no argument differentiating the right from that guaranteed by the Sixth Amendment, and we therefore analyze only his federal claim.

have." *United States v. Cronic,* 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657, 664 (1984). In recognition that the "average defendant does not have the professional legal skills to protect himself" at trial, it is required that a defendant's choice to appear without professional counsel be made intelligently. *Johnson v. Zerbst,* 304 U.S. 458, 462–64, 58 S.Ct. 1019, 1022–23, 82 L.Ed. 1461, 1465–66 (1938).

When a defendant asserts the right to self-representation, the court should tell the defendant of the "dangers and disadvantages of self-representation." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581–82 (1975). There are no prescribed "talking points" the court is required to include in its advisement to the defendant; it need only come to a considered determination that the defendant is making a voluntary, knowing, and intelligent waiver. *Leonard v. State,* 579 N.E.2d 1294, 1296 (Ind.1991). This determination must be made with the awareness that the law indulges every reasonable presumption against a waiver of this fundamental right. *Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466.

Several courts have held, however, that a verbal waiver of the right to counsel may not be necessary "so long as the . . . court has given a defendant sufficient opportunity to retain the assistance of . . . counsel, defendant's actions which have the effect of depriving himself of . . . counsel will establish a knowing and intentional choice." *United States v. Hoskins,* 243 F.3d 407, 410 (7th Cir.2001)(finding defendant's conduct to be sufficient to imply waiver, and that trial court's inquiry was sufficient and provided explicit warning of consequences of continued conduct); *see also United States v. Irorere,* 228 F.3d 816, 828 (7th Cir.2000)(holding that defendant waived right to counsel by his conduct where court appointed four separate law-yers all of whom either requested to withdraw or were fired by the defendant); *United States v. Kneeland,* 148 F.3d 6, 11 (1st Cir.1998)(finding valid waiver when defendant discharged third appointed counsel after explicit warning that fourth counsel would not be appointed); *United States v. Bauer,* 956 F.2d 693, 695 (7th Cir.1992)(finding valid waiver when defendant failed to retain counsel after court determined that defendant had financial ability to do so); *United States v. Weninger,* 624 F.2d 163, 167 (10th Cir.1980)(inferring waiver from defendant's "stubborn refusal" to retain counsel despite repeated urging by judge). In each of these waiver-by-conduct cases, however, the courts recognized that, just like an express verbal waiver, an implied waiver is not valid absent a finding under the totality of the circumstances that the waiver is knowing and intelligent; and this finding invariably included evidence of an admonition to the defendant on the dangers and disadvantages of self-representation. *See Hoskins,* 243 F.3d at 411; *Irorere,* 228 F.3d at 828; *Kneeland,* 148 F.3d at 11; *Bauer,* 956 F.2d at 695; *Weninger,* 624 F.2d at 167.

This Court addressed the issue of a defendant's conduct as waiving the right to counsel in *Houston v. State,* 553 N.E.2d 117 (Ind.1990), and *Fitzgerald v. State,* 254 Ind. 39, 257 N.E.2d 305 (Ind.1970). Although reaching an opposite result, *Houston* did not expressly overrule or even discuss *Fitzgerald.* Our holdings in these two cases have been variously interpreted by the Court of Appeals in *Geiger v. State,* 688 N.E.2d 1298, 1302 (Ind.Ct.App.1997)(finding no valid waiver); *Brickert v. State,* 673 N.E.2d 493, 496 (Ind.Ct.App.1996)(finding valid waiver), *trans. denied; Frederick v. State,* 658 N.E.2d 941, 944 (Ind.Ct.App.1995)(finding valid waiver); *Hagy v. State,* 639 N.E.2d 693, 695 (Ind.Ct.App.1994)(finding no valid

waiver); and *Seniours v. State*, 634 N.E.2d 803 (Ind.Ct.App.1994)(finding no valid waiver).

The facts in *Fitzgerald* and *Houston* do not easily support their differing outcomes. In both cases we found that the defendant's conduct appeared to constitute determined effort to manipulate and obstruct the trial process. *See Fitzgerald*, 254 Ind. at 47, 257 N.E.2d at 311; *Houston*, 553 N.E.2d at 118. The *Fitzgerald* court held that even though the trial judge had "made every effort to treat appellant justly and to insure that he was aware of his rights and obligations with regard to his upcoming trial," it was error for the court to try the defendant without an attorney without a clear waiver. *Fitzgerald*, 254 Ind. at 47–48, 257 N.E.2d at 311. The *Houston* court determined that the trial court "clearly presented to appellant his choices of proceeding with or without counsel and appellant chose the latter," and thus his waiver was knowing and intelligent. *Houston*, 553 N.E.2d at 118. In neither case was an admonition given. The outcomes of these cases leave us with inconsistent precedent, and we take this opportunity to clarify.

The United States Supreme Court stated that whether there has been an intelligent waiver of the right to counsel depends on the "particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Zerbst*, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466. The Court went on to find that it is the responsibility of the trial judge to determine whether there is an intelligent and competent waiver and that it would be "fitting and appropriate for that determination to appear on the record." *Id.* at 465, 58 S.Ct. at 1023, 82 L.Ed. at 1467. The Court elaborated on the determination of valid waiver stating that if a defendant chooses to forego the assistance of counsel and to represent himself, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–82 (internal quotes omitted). While the circumstances of *Zerbst* and *Faretta* were different, the result was the same— the loss of the "traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. When these traditional benefits are lost—by whatever reason— the loss is not constitutionally acceptable absent a knowing and intelligent waiver.

 While the Supreme Court has not elaborated with more specific considerations when determining a knowing and intelligent waiver, the federal Circuit Courts of Appeals have.[5] The Seventh Circuit Court of Appeals considers four factors: "(1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experi-

---

**5.** *See, e.g., United States v. Akins*, 243 F.3d 1199, 1202–03 (9th Cir.2001)(considering whether defendant was made aware of nature of charges, possible penalties, dangers and disadvantages of self-representation or in absence of specific inquiry examining particular facts and circumstances such as background, experience, and conduct of defendant); *United States v. Proctor*, 166 F.3d 396, 401–06 (1st Cir.1999)(considering whether defendant, by delay or other conduct inconsistent with continuation of representation, waives right); *United States v. Calabro*, 467 F.2d 973, 985 (2nd Cir.1972)(considering whether defendant understood choice, advantages of having someone trained in the law, and had capacity to make intelligent choice).

ence of the defendant, and (4) the context of the defendant's decision to proceed *pro se.*[6] *Hoskins*, 243 F.3d at 410. When applying these factors the court notes

> The district court is in the best position to assess whether a defendant has knowingly and intelligently waived counsel, and we will most likely uphold the trial judge's decision to honor or deny the defendant's request to represent himself where the judge has made the proper inquiries and conveyed the proper information, and reaches a reasoned conclusion about the defendant's understanding of his rights and voluntariness of his decision.

*Id.* (internal quotes omitted). The appellate court will review the record to evaluate the inquiry and court's reasoning in reaching its conclusion. *Id.* We find this approach helpful in analyzing waiver of the Sixth Amendment right to counsel under the facts and circumstances of waiver by conduct cases.

■■■■ Considering these factors within the circumstances of the present case we find that the trial court, while it did determine that the defendant was advised of his trial rights[7] and did tell the defendant of the procedural outcome if he failed to secure counsel, did not at any time advise the defendant on the dangers and disadvantages of self-representation. This lack of any advisement weighs heavily against finding a knowing and intelligent waiver.

We can find nothing in the record that either directly or inferentially supports the notion that the defendant may have independently understood the dangers and disadvantages of self-representation. The defendant had prior misdemeanors, but it is not known whether these prior offenses resulted in trials or pleas or what sentences were received. The defendant's background and experience—twenty-five years old, ninth grade education, employed—tilts us neither towards finding or not finding waiver. Finally, while there is evidence that the defendant chose to work and sleep rather than take the time to hire an attorney, his conduct did not result in gross delays or clearly appear to intend manipulation of the process. The facts and circumstances of this particular case do not warrant finding a knowing and intelligent waiver.

■■■■ Trial courts need not necessarily appoint counsel for every defendant who fails to implement an intention to employ counsel, nor need they unreasonably indulge a defendant who repeatedly fails to cooperate with appointed counsel, but the importance of the right to counsel cautions that trial courts should at a minimum reasonably inform such defendants of the dangers and disadvantages of proceeding without counsel. The appellate court is to consider whether the defendant voluntarily, either verbally or by conduct, chose self-representation, and whether in

**6.** Under this fourth factor, the court considers whether the defendant's decision appears tactical or strategic in nature or seems manipulative and intending delay, inferring knowledge of the system and understanding of the risks and complexities of trial from more deliberative conduct. *See United States v. Sandles*, 23 F.3d 1121, 1129 (7th Cir.1994)(collecting cases).

**7.** Because the Sixth Amendment right to counsel extends beyond the Fifth Amendment right to counsel contemplated in *Miranda v.*

*Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the *Miranda* advisement of rights may not be enough to constitute a knowing and valid waiver in settings outside of custodial interrogation. *See Patterson v. Illinois*, 487 U.S. 285, 288–89 108 S.Ct. 2389, 2398, 101 L.Ed.2d 261, 275–77 (1988)("We require a more searching or formal inquiry before permitting an accused to waive his right to counsel at trial than we require for a Sixth Amendment waiver during post-indictment questioning. . . .").

so choosing the defendant made a knowing and intelligent waiver of the Sixth Amendment right to counsel.

In the present case, the record does not provide us with the trial court's conclusions regarding the voluntariness of defendant's decision or understanding. The facts and circumstances presented do not establish that the defendant voluntarily, knowingly, and intelligently waived his right to counsel. The judgment is reversed and this cause is remanded for new trial.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.