**Isauro MORENO, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A04–0108–CR–351.

Court of Appeals of Indiana.

Dec. 31, 2001.

Jeffrey W. Wible, LaGrange, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge.

Appellant–Isauro Moreno appeals his conviction for two counts of Battery,[1] a class A misdemeanor. Specifically, Moreno contends that the convictions may not stand because he did not make a knowing and intelligent waiver of his right to trial counsel.

## FACTS

On October 23, 2000, Moreno was charged with two counts of battery that involved two different victims. At a pretrial hearing conducted the next day, Moreno entered a plea of not guilty and indicated to the trial judge that he intended to retain legal counsel. Moreno also expressed to the court that he was employed. Thereafter, at a final pretrial conference held on July 16, 2001, Moreno appeared *pro se* and again told the court that he would hire defense counsel to represent him at trial. The judge remarked that if Moreno failed to retain counsel, he would be expected to "try this by [him]self." Tr. at 8. At an earlier pretrial conference, the judge told Moreno that he either needed to hire an attorney or "live up to the standard of evidence that is expected of attorneys." Tr. at 6.

At a bench trial that was set to commence on July 24, 2001, Moreno appeared without counsel. Moreno told the trial judge that he was not ready to proceed and was not able to hire legal counsel. The judge remarked that it was too "late to talk about that," and proceeded with the trial. Tr. at 9. The State presented its witnesses and Moreno did not put forth any evidence. Thereafter, the trial court found Moreno guilty as charged. He now appeals.

---

1. IND. CODE § 35–42–2–1.

## DISCUSSION AND DECISION

In addressing Moreno's contention that his convictions must be set aside because he did not validly waive his right to be represented by counsel, we note that a defendant who proceeds *pro se* in a criminal case should be warned of the dangers and pitfalls of self-representation by the trial judge. *Poynter v. State*, 749 N.E.2d 1122, 1127 (Ind.2001) (citing *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Additionally, the record should reflect a knowing, intelligent and voluntary waiver by the defendant when he proceeds *pro se.* *Greer v. State*, 690 N.E.2d 1214, 1216 (Ind.Ct. App.1998). It must be shown that the defendant was advised of the nature, extent and importance of the right to counsel and the consequences of waiving that right. *Callahan v. State*, 719 N.E.2d 430, 439 (Ind.Ct.App.1999). Moreover, the law indulges every reasonable presumption against a waiver of this fundamental right. *Poynter*, 749 N.E.2d at 1126. Factors considered in making a waiver determination include: 1) the extent of the court's inquiry into the defendant's decision; 2) other evidence in the record establishing whether the defendant understood the dangers and pitfalls of self-representation; 3) defendant's background and experience; and 4) the context in which he proceeded *pro se.* *Id.* at 1127–28. Yet another point is relevant here, in that while a defendant charged with a criminal offense is allowed representation by counsel, he may not through a deliberate process of discharging retained or assigned counsel whenever his case is called for trial disrupt sound judicial administration by such delaying tactics. *German v. State*, 268 Ind. 67, 373 N.E.2d 880, 882 (1978).

Here, Moreno argues, and the State concedes,[2] that the trial judge did not give the proper warnings regarding his self-representation at trial. The record is devoid of any evidence that Moreno was advised regarding the "dangers and pitfalls of self-representation."

We would suggest in circumstances such as those presented here, that the trial judge admonish the defendant of the dangers and disadvantages of self-representation. Those warnings should be given at the defendant's initial hearing or pretrial stage. Moreover, the court should conduct a realistic inquiry as to whether the defendant can afford counsel. If it is determined that the defendant can afford to hire counsel and indicates to the court that he will proceed to trial with retained counsel at his side, yet subsequently appears on the day of trial unrepresented, such warnings delivered at the preliminary stages, along with a directive by the judge that the trial will commence with or without counsel, should assist in circumventing efforts on the defendant's part to move for additional continuances, manipulate the legal system and otherwise obstruct the trial process.[3] Put another way, a trial judge faced with an accused in such a circumstance should be permitted to exercise his discretion and require the defendant to proceed to trial *pro se.* *See Nation v. State*, 445 N.E.2d 565, 569 (Ind.1983)

---

2. We applaud the Attorney General's willingness to concede error in this case. As we have often emphasized at seminars and other engagements where we have addressed appellate practitioners, lawyers have an obligation to display candor toward the court. *See* Ind.Professional Conduct Rule 3.3.

3. We recognize that a defendant's financial circumstances might change from the time he initially expresses a desire to retain defense counsel until the time of trial. In such a case, the trial court should make clear that it is the defendant's responsibility to immediately notify the court of any subsequent inability to retain counsel.

(holding that a trial judge may require an accused, who attempts to discharge his attorney on the morning of trial, to proceed with his attorney or pro se).

In light of the situation here, however, we cannot say that the trial judge conducted an adequate inquiry with respect to Moreno's waiver of the right to counsel. Simply stated, the record does not reflect that Moreno made a voluntary, knowing and intelligent waiver of his right to counsel. Thus, we are compelled to reverse this case and remand for a new trial.

Reversed and remanded.

NAJAM, J., and MATTINGLY–MAY, J., concur.