Dayon MILLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 77A01–0207–CR–313.

Court of Appeals of Indiana.

Sept. 10, 2003.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

MAY, Judge.

The State petitions for rehearing of our opinion in *Miller v. State,* 789 N.E.2d 32 (Ind.Ct.App.2003). We grant the State's petition for the limited purpose of addressing the State's argument that we improperly treated the adequacy of a trial court's warning against self-representation as "a prerequisite to the right to proceed pro se." (Pet. for Rehearing at 2.) We hold that, absent exceptional circumstances as explained below, an adequate advisement is properly treated as such a "prerequisite" or "condition precedent" (*id.* at 3) and we accordingly reaffirm our original decision.

In determining whether Miller's waiver of his right to counsel was knowing and intelligent,[1] we applied the four factors

---

**1.** The State argues in its petition for rehearing that the evidence Miller "deliberately" chose

to proceed *pro se* "outweighs the inadequacy of the trial court's advisements." (Pet. for

adopted by our supreme court in *Poynter v. State*, 749 N.E.2d 1122, 1127–28 (Ind. 2001):(1) the extent of the court's inquiry into the defendant's decision; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to proceed *pro se*.

The trial court gave Miller no explanation of the "pitfalls and dangers of self-representation." *Miller*, 789 N.E.2d at 38. The record reflected Miller felt there was a strategic advantage to self-representation, and we noted the suggestion in *Poynter* that when a defendant's decision appears tactical or strategic in nature there is an inference of his "knowledge of the system and understanding of the risks and complexities of trial from more deliberative conduct." 749 N.E.2d at 1128 n. 6. Still, because Miller had received no advisement from the court, we stated "there must first be some minimal effort by the trial court to ensure the defendant truly understands the risks of proceeding pro se." *Miller*, 789 N.E.2d at 38.

In *Miller*, we analyzed in sequence each *Poynter* factor, and contrary to the State's characterization, nothing in our *Miller* decision explicitly "makes the advisement of warnings a condition precedent to a defendant's invocation of the right of self-representation." (Pet. for Rehearing at 3.) Rather, we required only "some minimal effort" by the trial court to ensure the defendant understands the risks of proceeding *pro se*. 789 N.E.2d at 38.

While we did not explicitly so hold in *Miller*, we believe the State's characterization of the warning as a "prerequisite" or "condition precedent" is useful. In *Poynter*, our supreme court indicated that absent exceptional circumstances, the advisement of warnings is, indeed, a condition precedent to a defendant's invocation of the right of self-representation, and we take this opportunity to explicitly so hold. The *Poynter* court explicitly recognized that "the importance of the right to counsel cautions that trial courts should *at a minimum* reasonably inform such defendants of the dangers and disadvantages of proceeding without counsel." 749 N.E.2d at 1128 (emphasis supplied). It further noted that "if a defendant chooses to forego the assistance of counsel and to represent himself, '*he should be made aware of the dangers and disadvantages of self-representation,* so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *Id.* at 1127 (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)) (emphasis supplied).

We reiterate that there will presumably be exceptional situations where a defendant will make a waiver that is "knowing and informed" despite the absence of a trial court advisement. A thorough analysis of the *Poynter* factors in each case will bring those exceptional situations to light. Our analysis of the *Poynter* factors revealed no such exceptional circumstances in Miller's case.

We grant the State's petition for rehearing for the limited purpose of clarifying that, absent exceptional circumstances as revealed by application of the *Poynter* fac-

Rehearing at 3.) "Deliberately" is defined as "[w]illfully; with premeditation; intentionally; purposely." Black's Law Dictionary 514 (Revised 4th Ed.1968). We decline the State's apparent invitation to hold a "deliber-

ate" decision, without more, amounts to a knowing and intelligent waiver of this "most pervasive" constitutional right of an accused. See *United States v. Cronic*, 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

tors, an adequate trial court advisement is a prerequisite to a knowing and intelligent waiver of the right to counsel. We reaffirm our prior decision.

BROOK, C.J., and FRIEDLANDER, J., concur.