RUCKER, J.,
dissenting.
Because the defendant in this case did not knowingly and intelligently waive his right to counsel, I respectfully dissent.
It is well-settled that the Sixth and Fourteenth Amendments of our federal Constitution provide criminal defendants in state courts the fundamental right to be represented by counsel at trial. Gideon v. Wainwright, 372 U.S. 335, 342-43, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right is not absolute; it may be waived by the defendant. Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Waiver may be communicated verbally or through the defendant’s conduct, see Poynter v. State, 749 N.E.2d 1122, 1126 (Ind.2001), and it must be voluntary, knowing, and intelligent. Iowa v. Tovar, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); Poynter, 749 N.E.2d at 1126, 1128-29.
However, before a trial court may find that a defendant has waived this right, the court has a positive duty to advise the defendant of the dangers of proceeding without counsel. Tovar, 541 U.S. at 88-89, 124 S.Ct. 1379; Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)) (The defendant *502 “should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ”); Poynter, 749 N.E.2d at 1126. This advisement enables the defendant to make a knowing and intelligent waiver. See Faretta, 422 U.S. at 835, 95 S.Ct. 2525 (citation omitted) (“[T]he accused must knowingly and intelligently forgo” the “traditional benefits associated with the right to counsel.”). Because of the paramount importance of the right to counsel in criminal proceedings, courts will indulge every reasonable presumption against waiver. Johnson, 304 U.S. at 464, 58 S.Ct. 1019; United States v. Best, 426 F.3d 937, 942 (7th Cir.2005); Poynter, 749 N.E.2d at 1126. We cannot presume waiver from a silent record. Burgett v. Texas, 389 U.S. 109, 114-15, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Cuppett v. Duckworth, 8 F.3d 1132, 1138 (7th Cir. 1993); Hatcher v. State, 275 Ind. 49, 414 N.E.2d 561, 565 (1981).
In this case, assuming that Jackson voluntarily neglected to hire an attorney to represent him at trial after the removal of his two initial attorneys,[1] there is simply no indication in the record that such behavior represented a knowing and intelligent waiver of his right to representation of counsel. Instructive here is Poynter, an opinion handed down by this Court in 2001. In Poynter, the Court examined whether a defendant waived his right to representation by counsel through his conduct. The defendant informed the court that he planned to hire private counsel but subsequently appeared on the day of trial without an attorney. The State’s position was that “the trial court had no duty to advise the defendant of the disadvantages of appearing without counsel, because defendants who tell the court they are hiring counsel do not need such warnings.” Poynter, 749 N.E.2d at 1124. In rejecting this contention, we noted that in waiver-by-conduct cases where the waiver is deemed knowing and intelligent the finding “invariably included evidence of an admonition to the defendant on the dangers and disadvantages of self-representation.” Id. at 1126 (citing United States v. Hoskins, 243 F.3d 407, 411 (7th Cir.2001); United States v. Irorere, 228 F.3d 816, 828 (7th Cir.2000); United States v. Kneeland, 148 F.3d 6, 11 (1st Cir.1998); United States v. Bauer, 956 F.2d 693, 695 (7th Cir.1992); United States v. Weninger, 624 F.2d 163, 167 (10th Cir.1980)).
Advancing various reasons in support, the majority insists “the trial court had no duty to readvise Jackson on the right to counsel or admonish Jackson of the perils of self-representation when there was no indication that Jackson intended to proceed pro se or lacked funds to retain counsel.” Op. at 499 (emphasis added). However, the import of the advisement is not only to ensure that a defendant is making a conscious choice about self-representation, but also that the defendant’s decision to forgo representation is knowing and voluntary. This is the essential point of Poynter. It is true that in that case the defendant actually appeared for trial without counsel and proceeded pro se. Howev *503 er, this factual difference from the instant case — in which no one appeared at trial at all on behalf of the defendant — does not render Poynter superfluous to our discussion. Poynter does not stand for the proposition that a defendant waives Faretta warnings by simply not appearing. Rather, Poynter provides an analytical framework for appellate courts to determine whether a defendant’s conduct sufficiently indicated waiver of counsel. We will consider “(1) the extent of the court’s inquiry into the defendant’s decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant’s decision to proceed pro se.” Poynter, 749 N.E.2d at 1127-28 (quoting Hoskins, 243 F.3d at 411). Indeed, the Poynter/Hoskins analysis accounts for the majority’s concern that defendants might try to manipulate the courts by strategically indicating the intent to hire private counsel and then not doing so. Under the fourth factor, we will consider “whether the defendant’s decision appears tactical or strategic in nature or seems manipulative and intending delay, inferring knowledge of the system and understanding of the risks and complexities of trial from more deliberative conduct.” Poynter, 749 N.E.2d at 1128 n. 6 (citing United States v. Sandies, 23 F.3d 1121, 1129 (7th Cir.1994)). As we explained, the trial court “is in the best position to assess whether a defendant has knowingly and intelligently waived counsel, and we will most likely uphold the trial judge’s decision” whether to proceed with trial at that time “where the judge has made the proper inquiries and conveyed the proper information, and reaches a reasoned conclusion about the defendant’s understanding of his rights and [the] voluntariness of his decision. ” Poynter, 749 N.E.2d at 1128 (emphasis added) (quoting Hoskins, 243 F.3d at 411).
In this case, the transcript reveals that the trial court made no finding that Jackson waived his right to representation by counsel. The trial court did recite the history of the case and explained why counsel was not present, Tr. at 4-6, but the only finding by the court was that “the defendant’s failure to appear ... [was] a willful, knowing and voluntary act” such that the State could “proceed with the trial in absentia of the defendant.” Id. at 6. This does not reflect an inquiry into the defendant’s decision to not appear, the defendant’s understanding of the perils of being tried without counsel, or the defendant’s background and knowledge of the criminal justice system. And it certainly does not present us with the requisite finding that Jackson voluntarily, knowingly, and intelligently waived his right to counsel.
That a defendant’s failure to appear at trial by counsel does not effectively indicate knowing and intelligent waiver of the right to counsel is also supported by the Indiana Court of Appeals and several other jurisdictions which have addressed precisely the same issue. In both Carr v. State, 591 N.E.2d 640 (Ind.Ct.App.1992), and Slayton v. State, 755 N.E.2d 232 (Ind. Ct.App.2001), our Court of Appeals reached the same conclusion. Slayton, 755 N.E.2d at 236-37 (citation omitted) (Applying the Poynter/Hoskins factors and noting that the “lack of any advisement [of dangers] weighs heavily against finding a knowing and intelligent waiver,” the court found that “the facts and circumstances of this case do not warrant a finding of a knowing and intelligent waiver of counsel.”); Carr, 591 N.E.2d at 642 (“Carr’s failure to appear at trial does not reflect a knowing, voluntary, and intelligent waiver of counsel. The court erred in *504 finding waiver.”). See also White v. Commonwealth, 214 Va. 559, 203 S.E.2d 443, 444 (1974) (Where a defendant was tried in absentia without representation, the Supreme Court of Virginia held that the record “f[ell] short of establishing a knowing and intelligent waiver by the defendant of his right to counsel.”); State v. Roberson, 371 S.C. 334, 638 S.E.2d 93, 95 (Ct. App.2006) (Concluding that the defendant’s failure to appear at trial did not constitute waiver of the right to counsel, the court cited the “significant fact that [the defendant] was never advised of proceeding without representation.”); State v. Thompson, 355 S.C. 255, 584 S.E.2d 131, 136-37 (Ct.App.2003) (Discussing the Indiana Court of Appeals’ decision in Slay-ton, the court held that a defendant’s failure to appear where the record does not reveal that the defendant “understood the dangers and disadvantages of self-representation” does not effect waiver of the right to counsel.); Commonwealth v. Ford, 715 A.2d 1141, 1146 (Pa.Super.Ct.1998) (Concluding that a fugitive defendant’s right to counsel was violated when he was tried in absentia without representation, the appellate court emphasized that the requirement that “trying a defendant without representation requires a knowing and intelligent waiver of defendant’s right to counsel ... is true even when a defendant is tried in absentia.”).
I agree that a trial court cannot “hunt down a defendant to admonish him about the dangers and disadvantages of self-representation.” Op. at 501. Such an inquiry is quite obviously impossible when a defendant fails to present himself before the court. But one’s fugitive status is a separate wrong with its own consequences, and returned fugitives should be punished, if appropriate, for violations of court orders or statutes which compel their presence in court. See Ind.Code §§ 35-44-3-6; 34-47-3. It is not grounds for forfeiting the right to representation by counsel.
For the foregoing reasons, I respectfully dissent and would reverse the judgment of the trial court.
SULLIVAN, J., concurs.

. In an order dated October 3, 2002 the trial court revoked one attorney’s pro hac vice admission. At that time, local counsel remained counsel of record. App. at 55-56. At a subsequent hearing on October 15, 2002 Jackson informed the court that he wished to discharge his local counsel and hire substitute counsel. In response, the trial court said, "I'm showing at this time that you have discharged Mr. Carpenter and Mr. Bennett as your attorneys and they are relieved from any further representation of you at this time." Id. at 64 (emphasis added). Jackson was thereafter instructed to hire substitute counsel by November 21, 2002. Id.