Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 08 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK EVERETT WATSON**
Watson Law Office
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILLIP A. EVANS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1303-CR-105 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1209-FD-2965

**October 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Phillip Evans appeals his conviction and sentence for intimidation, as a Class D felony, pursuant to a guilty plea. Evans presents three issues for our review:

1. Whether he knowingly, intelligently, and voluntarily waived his right to counsel.

2. Whether the trial court abused its discretion when it sentenced him.

3. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 10, 2012, the State charged Evans with intimidation, as a Class D felony. In particular, the State alleged that Evans had threatened to shoot a law enforcement officer as the officer was attempting to place Evans under arrest. A public defender filed an appearance in the matter on September 11. But on December 14, Evans wrote a letter to the trial court asking that it remove his public defender from the case and permit Evans to proceed pro se. Evans simultaneously filed an appearance indicating that he would proceed pro se. The trial court set Evans' pro se request for a hearing for December 28. Following that hearing, the trial court granted Evans' motion to proceed pro se.

On January 15, 2013, Evans submitted a plea agreement whereby he pleaded guilty as charged, but his sentence was capped at two years. Following a hearing, the trial court accepted the plea agreement and sentenced Evans to two years executed. This appeal ensued.

2

## DISCUSSION AND DECISION

### Issue One:  Right to Counsel

Evans contends that the trial court "erred by failing to advise him of the risks of proceeding pro se."  Brief of Appellant at 8.  The right to be represented by counsel is protected by both the federal and Indiana constitutions.  U.S. Const. amend. VI; Ind. Const. art. 1, § 13.  The right to counsel can be waived only by a knowing, voluntary, and intelligent waiver.  Jones v. State, 783 N.E.2d 1132, 1138 n.2 (Ind. 2003).  Waiver of assistance of counsel may be established based upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused.  Id. at 1138.  We review de novo a trial court's finding that the defendant waived the right to counsel.  Miller v. State, 789 N.E.2d 32, 37 (Ind. Ct. App. 2003), aff'd on reh'g, 795 N.E.2d 468.

Evans maintains that the trial court did not satisfy the four prongs set out by our supreme court in Poynter v. State, 749 N.E.2d 1122, 1127-28 (Ind. 2001), to determine whether a defendant's waiver of counsel is knowing and intelligent, namely:  (1) the extent of the court's inquiry into the defendant's decision; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to proceed pro se.  But, contrary to Evans' assertion on appeal, our review of the hearing on Evans' motion to proceed pro se shows that the trial court clearly met all four prongs in Poynter.

The following colloquy between the trial court and Evans occurred at the pro se hearing:

COURT: You know you have a jury trial set January 24th?
EVANS: Yes I do, Your Honor.
COURT: You understand what charges you're facing?
EVANS: Absolutely Your Honor, yes I do.
COURT: You know to represent yourself you have to give up your right to have a lawyer represent you, is that right?
EVANS: Yes, sir.
COURT: Okay. I'm only going to allow you to do that if I'm convinced you understand what you're asking for and what you're giving up. Do you understand that as well?
EVANS: Yes, Your Honor.

Transcript of December 28 Hearing at 3. The trial court then questioned Evans regarding the nature of the charge against him, the sentencing range, the significance of aggravating and mitigating factors, and the training the public defender had undergone to become a criminal defense attorney. Evans demonstrated that he understood each of the trial court's questions, and Evans told the court that he understood that the range of his sentence was six months to three years. The colloquy continued:

COURT: And you're asking to discharge [your public defender], is that right?
EVANS: Yes, Your Honor, I don't feel that it's in the best interest of the public defender office to be burdened with having to deal with the situation[.] I have the comprehension and the desire to go ahead and proceed on my own.
COURT: Well, that's not a reason to discharge your attorney, because that's why the public defender exists. It is not a burden to them, it is their job, you understand that, right? You're not saving them anything, because they're going to go on to the next case, and in fact, they'll probably get quite a few more cases assigned, even to this attorney specifically on today's date. So, you're not burdening them, you're not taking anything away from them, they have other cases that they do, do you understand that?
EVANS: Yes, Your Honor, I do.

4

COURT: And you feel that you have the ability to comprehend what it takes to get prepared for trial?

EVANS: Yes, I do Your Honor.

COURT: Investigating and interrogating witnesses?

EVANS: Yes, sir.

COURT: Understand the discovery that has been provided in this case?

EVANS: Yes, I do, I have a copy.

COURT: Do you feel like you can cross--examine witnesses that the State puts on?

EVANS: Absolutely.

COURT: Do you feel like you can put your own witnesses on?

EVANS: Absolutely, Your Honor.

COURT: Do you think you have enough of an understanding of the rules of evidence that you'll be able to put the evidence in front of the court in the way that is necessary to present any defenses you might have?

EVANS: Yes I do, Your Honor.

COURT: What level of education do you have?

EVANS: I have completion of the GED in the State of Indiana, and I was [inaudible] advocate in prison for six years, as well as a law clerk in the law library at IYC in the Plainfield, Indiana facility for the same amount of time. I also took some pre-college classes in legal research and discovery.

COURT: Okay, you understand that by discharging your attorney that's not a basis for appeal?

EVANS: Absolutely.

COURT: And you understand that this record today is going to be any part of that appeal so that the appellate court can make sure that I asked you the right questions and got the right answers in terms of your ability to appreciate what you're doing today?

EVANS: Yes, I understand it completely, Your Honor.

COURT: And you're willing to give up this attorney's specific skills and training and education in gathering together evidence and cross-examining witnesses and presenting a defense at trial in front of a jury?

EVANS: Yes I am, Your Honor.

COURT: Do you understand that if I allow you to waive your right to counsel and proceed pro se, that I'm not going to give you any special treatment, I have to, by law, treat you just like an attorney.

EVANS: Yes I do, Your Honor.

COURT: Hold you to the same rules, the same time limits, the same rules of evidence, the same rules of procedure.

| | |
|---|---|
| EVANS: | Yeah, I understand that sir. |
| COURT: | Well, we've kind of covered any specific exposure to criminal law that you've had, it sounds like quite a lot, is that right? |
| EVANS: | Yes sir. |
| COURT: | Okay. Have you been promised anything by doing this by anyone? |
| EVANS: | No sir. |

\* \* \*

| | |
|---|---|
| COURT: | I am strongly advising you not to do this, do you understand that? |
| EVANS: | I understand, Your Honor. |
| COURT: | And you still wish to proceed without [counsel]? |
| EVANS: | Yes I do, Your Honor. |

Id. at 4-8 (emphasis added).

Evans maintains that the trial court's "admonishment about the dangers of proceeding pro se were perfunctory and failed to assess in any way whether Evans' waiver was knowing or intelligent." Brief of Appellant at 10. But the trial court thoroughly questioned Evans regarding his knowledge of criminal law generally, and his case in particular, and the court made clear that Evans would be expected to do everything a lawyer would be expected to do at trial. Evans consistently expressed to the court that he was confident that he could handle both the pre-trial and trial demands. And the trial court "strongly advis[ed]" Evans not to proceed pro se. Id. Given Evans' responses to the trial court's questions and his extensive experience, approximately twelve years total, as a legal advocate in prison and as a law clerk at a correctional facility, as well as his classwork in legal research and discovery, we cannot say that his waiver of counsel was not knowing and intelligent.

**Issue Two: Abuse of Discretion in Sentencing**

Evans contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Evans first contends that the trial court abused its discretion when it identified as an aggravator that prior attempts at rehabilitation had failed. In particular, Evans maintains that that aggravator was duplicative of his criminal history aggravator. In support of that contention, Evans cites McCann v. State, 749 N.E.2d 1116, 1119 (Ind. 2001), where our supreme court held that the trial court's sentencing statement was unclear and that the "prior attempts" aggravator was merely cumulative of the criminal history aggravator.

But here the trial court supported the aggravator by acknowledging that Evans had previously failed to successfully complete "multiple opportunities for Alcohol & Drug [treatment] and counseling, and probation[.]" Sentencing Transcript at 12. Thus, the aggravator was not merely cumulative of Evans' criminal history, but reflected his inability to take advantage of alternative sentencing and rehabilitative measures. The trial court did not abuse its discretion when it identified as aggravating that Evans' prior attempts at rehabilitation had failed.

Evans next contends that the trial court abused its discretion when it did not identify as mitigating his guilty plea. But our supreme court has determined that a guilty plea does not automatically amount to a significant mitigating factor. Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999). For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. Id. Here, as the State correctly points out, Evans received a benefit by his plea in that his sentence was capped at two years, and given his substantial criminal history he might have been subject to the maximum three-year sentence. Moreover, given that multiple law enforcement officers witnessed Evans' crime in this case, his decision to plead guilty was a pragmatic one. The trial court did not abuse its discretion when it did not identify his guilty plea as a mitigating circumstance.

### Issue Three: Inappropriate Sentence

Finally, Evans contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful

8

discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

And our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

9

Evans first contends that his sentence is inappropriate in light of the nature of the offense. He maintains that there was "no evidence that any violent conduct by Evans against Officer Spears resulted in any injuries" and that "there were no facts alleged or proven by the State to show the commission of this crime occurred in any worse manner than similar crimes at this level." Brief of Appellant at 22. But Evans, who police suspected had stabbed someone when they responded to the scene, threatened to kill any of the responding officers if they attempted to enter his apartment, and he threw beer bottles at them while yelling, "Grenade!" Appellant's App. at 50. We cannot say that Evans' two-year sentence, only six months more than the advisory sentence, is inappropriate in light of the nature of the offense.

Evans also contends that his sentence is inappropriate in light of his character. Evans acknowledges his criminal history, but he urges us to consider his "significant history of mental health issues and substance abuse problems." Brief of Appellant at 22. Evans also asks that we consider his acceptance of responsibility for this crime. But Evans' criminal history is extensive, consisting of fourteen prior convictions. Evans is a registered sex offender, and he was on probation at the time of the instant offense. We cannot say that Evans' two-year sentence is inappropriate in light of the nature of his character.

Affirmed.

MATHIAS, J., and BROWN, J., concur.