**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2014, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DORI NEWMAN**
Newman & Newman
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW PRAIRIE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1309-CR-841 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1209-FD-8926

**July 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Andrew Prairie appeals his convictions of Class D felony attempted theft,[1] Class B misdemeanor unauthorized entry of a motor vehicle,[2] and three counts of Class D felony receiving stolen property.[3] He asserts the trial court denied him the right to represent himself. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 18, 2012, Prairie was charged with the five crimes of which he was convicted. At a hearing held on April 4, 2013, Prairie's public defender moved to withdraw her appearance due to a breakdown in the attorney-client relationship. Prairie agreed to her withdrawal. The court informed Prairie that appointing new counsel would cause a delay, and he agreed to the delay.

On April 25, 2013, the trial court held a "final" pre-trial hearing with new counsel, Mr. Kress. At this hearing, Kress moved to continue the trial because he had another case being tried at the same time. Prairie complained about having another continuance, stating he had requested a speedy trial. The court reminded him that he agreed to the prior continuance and asked if he wanted to renew his request for a speedy trial. Prairie then requested a change of venue because he thought the judge was "biased against [him] from the get go." (Tr. at 44.) After this, Prairie opined the judge had already found him guilty. The trial court ended the hearing by stating Prairie could file a change of venue and the court would let Kress know those requirements.

---

[1] Ind. Code § 35-41-5-1 (2012) (attempt); Ind. Code § 35-43-4-2(a) (2012) (theft).
[2] Ind. Code § 35-43-4-2.7(d) (2012).
[3] Ind. Code § 35-43-4-2 (2012).

On May 16, 2013, the trial court held another "final" pre-trial hearing. At this hearing, Prairie reported his dissatisfaction with Kress. Prairie asked that Kress be removed from his case and indicated he would proceed *pro se*, stating: "I would like to vacate my trial date . . . I would like to go *pro se*, Your Honor." (*Id*. at 53.) The court said, "I think it would be an extremely unwise decision on your part." (*Id.*) Prairie responded, "I think it would be an unwise decision to have an attorney that doesn't want to represent me and has issues with me representing me in trial." (*Id.*)

The court noted that Prairie was not happy with his lawyer and indicated it would inquire whether Kress was willing to represent Prairie at trial and whether Kress was capable of representing Prairie. The court informed Prairie that if he were to represent himself Kress would be appointed as standby counsel in case Prairie had any questions during trial. Prairie then expressed discontent over video meetings with Kress and the court reminded him that he walked out of meetings with Kress. As the hearing concluded, Prairie restated he wanted to vacate his trial date. The court informed Prairie that what he was requesting was another continuance and that everyone was ready for trial except him. Prairie indicated he still wanted to continue the trial in order to meet with Kress to find out more about the law, and the court granted his request.

At the last "final pre-trial hearing on July 25, 2013, Kress informed the court that Prairie did not respond to a plea offer and he had cut their most recent video meeting short. The State then withdrew the plea offer. After this, Prairie stated he wanted to accept the plea offer, but Kress indicated it was too late and he did not think the State could present a factual

basis for a plea given Prairie's past behavior in court. Prairie then stated: "I'd like to fire Mr. Kress as my attorney at this point in time." (*Id.* at 73.) The court denied Prairie's request to fire his attorney. Prairie became belligerent with the court and when asked what size clothing he needed for trial, he responded "Take a guess, Your Honor. You know everything else. You figure it out." (*Id.* at 78.) The court ordered Prairie removed from the courtroom for his behavior and set the jury trial for August 13, 2013.

At the start of the jury trial, Prairie again expressed his desire to dismiss Kress as his attorney. The court informed him that while he was entitled to counsel, that did not mean he was entitled to counsel of his own choosing. The court then conducted an inquiry into Kress's competence and the adequacy of his representation. The court found Kress competent and fully prepared to represent Prairie at trial. The court then informed Prairie that the only way it would remove Kress from the case would be if Prairie exercised his right to represent himself. The court reminded Prairie that proceeding *pro se* was an unwise decision. When Prairie was asked, "Do you want to represent yourself today[,]" (*id*. at 103), he did not answer. The court then gave Prairie the choice of proceeding with Kress or representing himself, and Prairie indicated that he wanted to proceed with Kress.

The jury found Prairie guilty of all counts, and the court sentenced him to serve all sentences concurrently which resulted in an aggregate sentence of three years in the Department of Correction.

## DISCUSSION AND DECISION

Self-representation is guaranteed by the Sixth Amendment of the United States

4

Constitution and Article 1 § 13 of the Indiana Constitution. *Taylor v. State*, 944 N.E.2d 84, 88 (Ind. Ct. App. 2011). A defendant's request to proceed *pro se* must be "clear and unequivocal, and it must be made within a reasonable time prior to the first day of trial." *Id.* The right to counsel may be waived only by a knowing, voluntary, and intelligent waiver of the right. *Miller v. State*, 789 N.E.2d 32, 37 (Ind. Ct. App. 2003). The trial court is in the best position to assess whether the defendant made a knowing and intelligent waiver, and its findings will be upheld "where the judge has made the proper inquiries and conveyed the proper information, and reaches a reasoned conclusion." *Poynter v. State*, 749 N.E.2d 1122, 1128 (Ind. 2001).

Four factors are considered when reviewing whether a defendant knowingly and intelligently waived his right to counsel: "(1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed *pro se*." *Id.* at 1127-28 (quoting *U.S. v. Hoskins*, 243 F.3d 407, 410 (7th Cir. 2001)). Prairie asserts he was denied the right to proceed *pro se*.

During the pre-trial conference on May 16, 2013, Prairie requested to proceed *pro se*. The trial court conducted an extensive inquiry into Prairie's decision. The trial court explained it was an unwise decision and noted some of the pitfalls of self-representation such as not knowing the law. Next, the court learned Prairie needed access to the law library or someone to explain the law to him. The trial court asked why Prairie wanted to proceed *pro*

5

*se*, and Prairie explained his discontent with meeting with Kress via video; he thought the jail was recording those visits and the prosecution would get a copy of the video recording. Overall, the trial court's inquiry was sufficient and adhered to the four factors that the Indiana Supreme Court established. *See id.* (establishing the four factors to examine when a defendant requests self-representation). We note the pre-trial conference did not end with Prairie maintaining his request to proceed *pro se*; rather, he asked to continue his trial date and meet again with Kress.

The second time Prairie asked to dismiss Kress, on July 25, 2013, he did not ask to proceed *pro se*. The court denied Prairie's request to "fire Mr. Kress[,]" (Tr. at 73), and stated "I am not going to replace Mr. Kress." (*Id.* at 77.) Prairie never asked to represent himself during this pre-trial conference, and the court was well within its discretion to deny Prairie's request for another new attorney. *See McBride v. State*, 992 N.E.2d 912, 917 (Ind. Ct. App. 2013) (stating McBride was entitled to counsel, not counsel of his own choosing).

Prairie also asked at trial to dismiss Kress. The trial court responded that it would not dismiss Kress unless Prairie wanted to proceed *pro se*. It told Prairie that self-representation was an unwise decision and stated that it would inquire again about the four factors from *Poynter* if Prairie wanted to proceed *pro se*. Prairie responded that he wanted to proceed with Kress.

At no time did the court deny Prairie the right to represent himself. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.