## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2020, 9:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brianna Simmons, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | January 23, 2020 <br><br> Court of Appeals Case No. 19A-CR-1944 <br><br> Appeal from the Cass Superior Court <br><br> The Honorable Richard A. Maughmer, Judge <br><br> Trial Court Cause No. 09D02-1903-CM-180 |

**Baker, Judge.**

[1] On March 12, 2019, the State charged Simmons with Class A misdemeanor theft. At the initial hearing, Simmons told the trial court that she planned to hire an attorney. At a subsequent pretrial hearing, Simmons stated that her boyfriend was working on hiring an attorney for her; the trial court noted that her trial was scheduled for May 6 and that if she appeared without an attorney, the prosecutor would likely object to a continuance.

[2] Simmons's trial took place on May 6, 2019. The trial court asked if she had retained an attorney and Simmons indicated that she had not; the trial court immediately indicated that she would proceed pro se. Tr. Vol. II p. 13. Simmons asked for more time to get an attorney, explaining that she had lost her job in the process of trying to hire one and that court staff had told her to explain her situation to the trial court on the date of her trial. *Id.* at 14. The trial court did not respond to Simmons. Instead, it turned to the prosecutor, stating, "if you want to proceed with your case, you may." *Id.* at 15. At no point did the trial court advise Simmons about the dangers of self-representation. Ultimately, the trial court found Simmons guilty and sentenced her to one year of incarceration.

[3] Before a defendant may waive her right to counsel and proceed pro se, the trial court must determine that the defendant's waiver of counsel is knowing, voluntary, and intelligent. *Jones v. State*, 783 N.E.2d 1132, 1138 (Ind. 2003). As part of that process, the trial court is required to advise the defendant of the dangers and disadvantages of self-representation. *Poynter v. State*, 749 N.E.2d 1122, 1128 (Ind. 2001) (holding that record did not show a knowing, voluntary,

and intelligent waiver where defendant appeared at trial without an attorney after previously stating he would hire an attorney).

[4] Here, the trial court refused to even engage in a conversation with Simmons about her lack of counsel. It took no steps to ensure that she was waiving counsel—and ignored the fact that she explicitly stated that she wanted an attorney. The trial court uttered not one sentence in an attempt to advise Simmons of the dangers and disadvantages of self-representation. Pursuant to *Poynter*, we can only conclude that Simmons's "waiver" of counsel was not knowing, voluntary, and intelligent. The State concedes as much, agreeing that Simmons's conviction should be vacated and the matter remanded for a new trial.

[5] The judgment of the trial court is reversed and remanded for further proceedings.

Riley, J., and Brown, J., concur.