# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RITCHIE HODGES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1210-CR-466 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Rebecca S. McClure, Judge
Cause No. 06D02-1103-FD-206

**November 5, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Ritchie Hodges appeals the post-conviction court's summary dismissal of his petition for post-conviction relief, contending the court erred in finding that post-conviction review was not available for his claim. The State, although having originally sought the dismissal, now agrees that Hodges's claim is reviewable in post-conviction proceedings. Concluding that Hodges and the State are correct, we reverse the dismissal and remand for a hearing on Hodges's post-conviction petition.

Following a guilty plea, Hodges was convicted of three counts of possession of child pornography and one count of voyeurism, all Class D felonies. He was ordered to serve a six-year sentence with a four-year direct commitment to community corrections and the final two years suspended to probation. After a hearing in September 2012, Hodges's community corrections placement was revoked and he was ordered to serve the remainder of his executed sentence at the Indiana Department of Correction ("DOC"). In a separate proceeding at which the September 2012 hearing was incorporated, Hodges's probation was also revoked and his probationary period was ordered served as executed time. Hodges's appeals of both revocations were consolidated by this court. At Hodges's request, this court subsequently dismissed his appeal without prejudice to allow him to pursue post-conviction relief.

Hodges filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel at his community corrections revocation hearing, and therefore, his placement was unlawfully revoked. See Ind. Post-Conviction Rule 1(1)(a)(5). The State filed a motion to dismiss, alleging the post-conviction rules did not provide Hodges an

avenue for relief because his petition was a collateral attack on the change of his placement from community corrections to the DOC, rather than on his conviction or sentence.  See P-C.R. 1(1)(a)(6).  Following a hearing on the motion to dismiss, the post-conviction court found that "a sole claim of ineffective assistance of counsel at a change of placement hearing does not state a claim upon which relief can be granted under Post Conviction Rule 1(a)(6)."  Appellant's Appendix at 22.  The post-conviction court therefore granted the State's motion to dismiss and vacated the hearing set on the post-conviction petition.

Hodges appeals the dismissal, contending, as he did in the post-conviction court, that Post-Conviction Rule 1(1)(a)(5) entitles him to pursue relief.  We agree, as the State also does on appeal, that subsection (5) allows Hodges to pursue post-conviction relief.[1]

Post-Conviction Rule 1 provides that

[a]ny person who has been convicted of, or sentenced for, a crime . . ., and who claims:
* * *
> (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
* * *
may institute at any time a proceeding under this Rule to secure relief.

As the State notes, placement in a community corrections program is a form of conditional release in that "the defendant is conditionally released from serving his sentence in the [DOC] if he obeys the rules of the community corrections program."  Brief of Appellee at 6.  See also Jones v. State, 976 N.E.2d 1271, 1280 (Ind. Ct. App. 2012) ("As with probation, placement in a community corrections program is a matter of grace and a conditional liberty

that is a favor, not a right.") (emphasis added) (internal quotation marks omitted), <u>trans. denied</u>.  Moreover, a person serving a community corrections placement is entitled to certain due process protections before the placement is revoked, including the right to counsel.  <u>See</u> Ind. Code § 35-38-2-3(f) ("The person [alleged to have violated probation] is entitled to confrontation, cross-examination, and representation by counsel."); <u>Million v. State</u>, 646 N.E.2d 998, 1002-03 (Ind. Ct. App. 1995) (holding the due process protections required for probation revocations are also required for community corrections placement revocations).  Thus, Hodges's allegation that he received ineffective assistance of counsel at the hearing to revoke his community corrections placement is a claim that his conditional release was unlawfully revoked.  The trial court's order dismissing his petition for post-conviction relief on the grounds that the post-conviction rules do not allow his claim is therefore reversed, and this case is remanded to the trial court for further proceedings on the merits of Hodges's petition for post-conviction relief.

Reversed and remanded.

RILEY, J., and KIRSCH, J., concur.

---

[1] The State of course does not concede that Hodges's post-conviction claim is meritorious.